IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*In re:*

                                     CASE NO. 21-11774-JCO

DANIEL JASON CLARK,              CHAPTER 7

*Debtor.*

## MEMORANDUM ORDER AND OPINION
## SETTING ASIDE DISCHARGE AND CONVERTING CASE TO CHAPTER 13

This matter came before the Court on the Debtor's Motion to Convert his case to Chapter 13 (doc. 77) and the Objections by the Chapter 7 Trustee (doc. 79) and the United States (doc. 82). Proper notice of hearing was given and appearances were noted on the record. Based on the pleadings, the record, and the statements of counsel at the hearing, the Court finds that the Debtor's Motion to Convert is due to be GRANTED for the reasons below.

## JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference of the District Court dated August 25, 2015. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

## PROCEDURAL BACKGROUND AND FACTS

The Debtor, Daniel Jason Clark ("Clark") filed chapter 7 bankruptcy on September 30, 2021. Clark's petition did not reflect any prior bankruptcy proceedings or any assets for the Trustee to administer. (Doc. 1). The Trustee later learned  that  Clark's wife passed away on or about

1

November 28, 2021, leaving all of the property which she owned at the time of her death to him. (Doc. 79 at 12). As a result, the Trustee, filed a Notice of Assets on June 30, 2022 and sent a letter dated August 4, 2022, to Clark's counsel advising of the Estate's interest in any bequest, devise, inheritance, life insurance, or death benefit acquired within 180 days of the bankruptcy filing. (Docs. 64, 79 at 7-8). An order discharging the Debtor denoting the proceeding as a "No Asset Case" was inadvertently entered on July 7, 2022. (Doc. 70).[1]

On August 29, 2022, the Debtor moved to Convert his Chapter 7 case to Chapter 13. The Motion to Convert states in part, " . . . Due to the Debtor's financial circumstances and the circumstances of his bankruptcy, the Debtor desires to be in Chapter 13." (Doc. 77). The Chapter 7 Trustee opposed conversion stating that: (1) on information and belief, there are substantial assets which would likely yield a 100% dividend to unsecured creditors; (2) Clark had not filed the appropriate amendments; (3) it was unlikely that Clark could propose a feasible Chapter 13 plan; and (4) Clark could seek to dismiss after conversion to the detriment of the unsecured creditors. (Doc. 79). The United States objected as well, adopting the Trustee's arguments and further stating that the Debtor had failed to file his tax returns or pay his taxes.

At the hearing, in response to the pending objections, Debtor's counsel represented that: (1) Clark has been dealing with the tragic, unexpected loss of his wife; (2) Clark wants to sell the house and pay his creditors; (3) Clark believes he can handle things more efficiently and less expensively in Chapter 13; and (4) conversion will allow Clark to deal with claim objections and his tax issues. Debtor's counsel also stated that Clark will be able to make Chapter 13 payments until the house sells because he has family help and that he expects that the house will sell quickly.

---

[1] The Debtor's attorney indicated that the discharge was due to be vacated which the Court construes as an *ore tenus* motion to set aside the Debtor's discharge to allow for conversion.

The Trustee's position, that any bequest, devise, inheritance, life insurance, or death benefit acquired by the Debtor within 180 days of the bankruptcy petition is property of the estate, does not seem to be in dispute. This is consistent with the plain language of 11 U.S.C. §541 which states in part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . .
>
> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--
>
> (A) by bequest, devise, or inheritance;
>
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>
> (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. §541(a)(5).

Thus, the only issue in controversy is whether the Debtor may convert his bankruptcy from chapter 7 to chapter 13.

Section 706 of the Bankruptcy Code provides chapter 7 debtors broad ability to convert to chapter 13. 11 U.S.C §706(a). It states in part:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> . . .

Case 21-11774   Doc 91   Filed 11/03/22   Entered 11/03/22 13:52:51   Desc Main
Document   Page 3 of 8

(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. §706 (a),(d).

Thus, absent a prior conversion, Chapter 7 debtors may generally convert to chapter 13 at any time as long as they qualify to be a chapter 13 debtor. *In re Griggs*, 181 B.R. 111 (Bankr. N.D.Ala. 1994); *In re Wade*, 598 B.R. 34 (Bankr. N.D. Ga. 2019). Courts have noted the analysis only requires that: (1) the debtor is an individual with regular income whose debts do not exceed applicable limits; and (2) the converted case would not be subject to immediate dismissal for cause, including bad faith. *See 11 U.S.C. 109(e); 11 U.S.C. §1307(c); In re Marrama*, 549 U.S. 365, 127 S.Ct. 1105 (2007*); In re Daughtrey*, 896 F. 3d 1255 (11th Cir. 2018). Denial of conversion should be limited to extraordinary circumstances and is only warranted in extreme cases amounting to abuse. *See In re Fulmer*, 535 B.R. 854, 862 (Bankr. M.D. Ala. 2015).

When assessing allegations of bad faith generally, courts in this Circuit consider eleven factors.[2] I*n re Kitchens*, 702 F. 2d 885,888 (11th Cir. 1983); *see also In re Brown*,

---

[2] These factors are as follows:
(1) the amount of the debtor's income from all sources;
(2) the living expenses of the debtor and his dependents;
(3) the amount of attorney's fees;
(4) the probable or expected duration of the debtor's Chapter 13 plan;
(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;
(6) the debtor's degree of effort;
(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;
(8) special circumstances such as inordinate medical expense;
(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;
(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;

4

Case 21-11774   Doc 91   Filed 11/03/22   Entered 11/03/22 13:52:51   Desc Main
Document      Page 4 of 8

742 F.3d 1309, 1317 (11th Cir. 2014)("While *Kitchens* does not use this phrase, it basically adopts a 'totality of the circumstances' approach for determining good faith or lack thereof.") However, in the context of motions to convert from Chapter 7 to 13, some courts have declined to evaluate whether a chapter 13 plan will satisfy additional requirements for confirmation. *See In re Carter,* 285 B.R. 61, 65 (Bankr. N.D. Ga. 2002)(*citing In re Krishnaya*, 263 B.R. 63 (Bankr.S.D.N.Y.2001)(explaining that consideration of §1325 issues is premature, and more appropriately postponed for determination after the case is converted to chapter 13). Instead, courts look for evidence that the Debtor is seeking to avoid payments rather than make an honest effort to repay them. *In re Carter* at 65.

Clark meets the basic requirements to convert to chapter 13. The record reflects that this case has not been converted previously. Clark is an individual and his debts do not exceed the applicable debt limit. Even if Clark is not presently working, his schedules reflect that he was employed when he filed the petition. Further, Clark's counsel explained that he receives family assistance and intends to liquidate assets to fund his chapter 13 and pay his creditors. The court finds that Clark's recent, unexpected, and tragic loss of his spouse, justifies affording him some latitude with regard to his present employment status. Under the circumstances, the court accepts counsel's proffer that Clark receives assistance from family as a sufficient showing of regular income to satisfy Section 109(e).

Additionally, if converted, the case would not likely be subject to immediate dismissal. *See 11 U.S.C. §1307.* Although the objections filed by the Trustee and the United States raise various concerns including: feasibility, failure to file tax returns, and

---

(11) the burden which the plan's administration would place on the trustee. *In re Kitchens*, 702 F.2d 885, 888–89 (11th Cir. 1983).

Case 21-11774   Doc 91   Filed 11/03/22   Entered 11/03/22 13:52:51   Desc Main
Document    Page 5 of 8

Clark's delay in handling bankruptcy and probate matters, the Court does not find such arguments dispositive at this time. Indisputably to proceed in chapter 13, the Debtor must file his tax returns and satisfy the requirements for confirmation. *See 11 U.S.C.§1308; 11 U.S.C.§1325.* That said, individuals who need to file tax returns, pay taxes, address feasibility concerns, and resolve many other issues regularly file chapter 13 petitions. The court employs its discretion in those cases and often allows debtors a chance to handle such matters. Clark should be afforded the same opportunity. Consistent with the reasoning of *In re Carter* and *In re Krishnaya,* the court finds that under the facts of this case, consideration of §1325 arguments is more appropriately postponed for determination after the case is converted to chapter 13.

Further, the court cannot conclude, on the evidence before it, that Clark has acted in bad faith. The fact that Clark may not have expeditiously attended to personal business and probate matters, is not necessarily indicative of his intent or future performance. Such delays and lack of diligence after the tragic, post-petition loss of his spouse are understandable. Clark's counsel expressed valid reasons for his request to convert, including his desire to handle the sale of the house as efficiently and inexpensively as possible as well as deal with claim objections and tax issues. Considering the totality of the circumstances, the court concludes that there is insufficient evidence of bad faith or abuse to warrant departure from the general provisions of §706 allowing chapter 7 debtors broad ability to convert to chapter 13.

The Trustee's argument that Clark may seek to dismiss this case upon conversion to avoid paying his creditors is contrary to the applicable provision of the Bankruptcy Code. *See 11 U.S.C §1307(b)*. In addition, mere accusatory allegations, without more, are

Case 21-11774   Doc 91   Filed 11/03/22   Entered 11/03/22 13:52:51   Desc Main
Document      Page 6 of 8

insufficient to sway this court's decision. The court has no evidence before it that the debtor is plotting to convert just to ultimately dismiss and shirk his obligations. Nonetheless, Section 1307(b)[3] precludes any such ill-advised scheme and limits a chapter 13 debtor's unilateral right to dismiss to cases which have not been previously converted under §706. So if Clark is unable or unwilling to comply with the requirements of Chapter 13, he will not be allowed to dismiss and will instead find himself back in Chapter 7. This safeguard sufficiently protects the creditors' interest as well as the integrity of the bankruptcy process.

Lastly, as a procedural matter, the court finds it necessary and appropriate to set aside the Order of Discharge entered July 7, 2022 (doc.70) *sua sponte. See Fed.R.Bankr.P.9024 (*making *Fed.R.Civ.P.60* applicable to bankruptcy proceedings). *Federal Rule of Civil Procedure 60* provides in part, " . . . The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice....". Fed R. Civ. P. 60(a).

The Court finds that the Order of Discharge (doc. 70) was administratively entered in error and incorrectly reflects that there are no assets when the Trustee had filed a notice of assets.(Doc. 64). Further, Debtor's counsel requested in open court that the discharge order be vacated and the court believes that such relief is justified under the circumstances. *See Fed R. Civ. P. 60(b).*

---

[3] The statutory language provides in pertinent part, "On request of the debtor at any time, **if the case has not been converted under section 706**, 1112, or 1208 of this title, the court shall dismiss a case under this chapter . . .". *11 U.S.C. § 1307 (b).*

<u>CONCLUSION</u>

Based on the foregoing, it is ORDERED, ADJUDGED, AND DECREED that the Order of Discharge entered July 7, 2022 (doc.70) is VACATED and the Debtor's Motion to Convert to Chapter 13 (doc.77) is GRANTED.

Dated:  November 3, 2022

JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

8